IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No.   15-cr-00149-JLK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

4.       EUGENE CHAVEZ,

       Defendant.

ORDER OF DETENTION

       THIS MATTER came before the Court for a detention hearing on April 28, 2015.

       The government is requesting detention in this case. Defense counsel stated that the defendant would not challenge the United States' request for detention and waived his right to a further hearing.   In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the arguments or statements of counsel.

       In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must be

1

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

On August 6, 2007, the defendant pled guilty to 2nd Degree Assault-Recklessly Causing Serious Bodily Injury with a Deadly Weapon (two counts, felony), Jefferson County District Court, Case Number 06CR3766. On October 1, 2007, the defendant was sentenced to ten years in

the Colorado Department of Corrections with 333 days credit for time served.   On October 22, 2013, the defendant was released on parole and on November 25, 2014, parole was revoked.   The defendant is next scheduled to see the parole board in November 2015.   The defendant is currently incarcerated on that revocation.   The defendant appears in this case on a writ of *habeas corpus ad prosequendum*.

Weighing the factors set out in the Bail Reform Act, I find that given the circumstances of defendant's service of a lengthy sentence in the Bureau of Prisons, he cannot be released on bond in this matter.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED April 28, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

3