IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 15-cr-00149-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. EUGENE CHAVEZ,

    Defendant.

---

## ORDER

---

This matter is before the court on "Government's Unopposed Motion for Bond Hearing to Address Modification of Defendant Eugene Chavez's Bond to Allow for His Return to the Custody of the Colorado Department of Corrections" [Doc. No. 89].

The court has reviewed the Motion and discussed the matter with United States Marshal's Service ("USMS"). The court notes that Defendant Chavez is not on bond in this case and bond would be inappropriate because Mr. Chavez is currently serving a sentence in the Colorado Department of Corrections. Mr. Chavez appears in this case on a writ of habeas corpus *ad prosequendum*. [Doc. No. 14.]

Mr. Chavez has pending charges of attempted murder as well as other violent offenses in Jefferson County Case No. 2014CR2932. A motions hearing is set in that case for June 11, 2015,

and trial is scheduled for July 20 to July 24, 2015.  Government counsel and Mr. Chavez's counsel request that he be allowed to appear for those court appearances.

Mr. Chavez is not currently set for any hearing in this federal case on June 11, 2015. Therefore, allowing Mr. Chavez to attend the June 11, 2015 motions hearing in Jefferson County will not interfere with this federal case.  Mr. Chavez has five co-defendants in the federal case and no trial date has yet been set.  A status report is due to be filed with Senior District Court Judge John L. Kane on or before July 8, 2015.  [Doc. No. 83.]  The current speedy trial date is October 26, 2015.  (Mot. at 3; Doc. Nos. 79, 80, 86.]  Therefore, it is highly improbable that the trial dates in Jefferson County will interfere with any appearances in this court.

The Government asserts that because the defendant was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* and not pursuant to a detainer, the provisions of the Interstate Agreement on Detainers Act ("IAD") do not apply.  *See United States v. Mauro,* 436 U.S. 340, 361 (1978) ("a writ of habeas corpus *ad prosequendum* is not a detainer for purposes" of the IAD); *United States v. Pursley,* 474 F.3d 757, 764 (10th Cir. 2007) ("the expeditious resolution of untried charges in a different jurisdiction, such as the third set of Colorado charges [the defendant] faced, is fully consistent with the purposes of the IAD").

Should the defendant be returned on the writ previously issued in this case, a detainer would have to be filed by the USMS with the Colorado Department of Corrections in order to ensure Mr. Chavez's availability for court appearances.  Once Mr. Chavez is returned to the Colorado Department of Corrections, Jefferson County will be able to issue its own writ of habeas

corpus *ad prosequendum* for Mr. Chavez's appearance for the July trial. In this case, it would then be necessary to obtain Mr. Chavez's appearance by issuance of a new writ when the District Court sets the matter for hearings and trial. At that time, the IAD would become applicable requiring that, once in federal custody, Mr. Chavez would be compelled to remain so until proceedings in this court are completed.

Therefore, it is **ORDERED**:

1. The United States Marshal's Service ("USMS") will arrange for Mr. Chavez's appearance in Jefferson County Case No. 2014CR2932 on June 11, 2015 for the scheduled motions hearing. In order to accomplish this, the USMS may, in its discretion, release Mr. Chavez to Jefferson County law enforcement officials with the express proviso that Mr. Chavez will be returned to the custody of the USMS upon completion of the motions hearing.

2. Upon Mr. Chavez's return from the Jefferson County court appearance on June 11, 2015, the USMS shall immediately return the defendant on the previously issued writ to the Colorado Department of Corrections. The U.S. Marshal will thereafter file the appropriate detainer with the Colorado Department of Corrections in order to ensure his availability to attend court proceedings in this case.

3. The United States shall petition for issuance of a writ of habeas corpus *ad prosequendum* for Mr. Chavez's appearance for further court hearings in this case at the appropriate time after Judge Kane announces future court hearings.

4.	Should the trial date of July 20-24, 2015 in the Jefferson County be moved to any date subsequent to July, 2015, the parties shall file a report with this court within five days of notice of the change and the United States shall forthwith file its petition for issuance of a writ to insure the appearance of Mr. Chavez for hearings, including trial, in this case..

Dated this 8th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge