IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00149-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

  4.  EUGENE CHAVEZ,

      Defendant.

---

**MOTION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

---

The United States of America, by and through the United States Attorney for the District of Colorado, petitions the Court for a Writ of Habeas Corpus Ad Prosequendum for Defendant Eugene Chavez (defendant) and states as follows:

1) At the time the Indictment was handed down in this case, the defendant EUGENE CHAVEZ, YOB: 1973, DOC # 83887, was confined at the Bent County Correctional Facility in Las Animas, Colorado.

2) The United States secured custody of the defendant for his initial appearance on the Indictment in this case via a writ of habeas corpus ad prosequendum issued on April 8, 2015.   Doc. 14.

3) On June 4, 2015, the Jefferson County District Attorney's Office issued a writ of habeas corpus ad prosequendum to secure defendant's presence at a June 11, 2015

motions hearing and a July 20, 2015 trial on attempted murder charges and other violent offenses, in Jefferson County Case No. 2014CR2932.

4) On June 8, 2015, United States Magistrate Judge Kathleen M. Tafoya issued an Order allowing the defendant to return to Jefferson County for his motions hearing and to face trial there. The Court directed that the United States petition for issuance of a writ of habeas corpus ad prosequendum to secure the defendant's presence for further court proceedings in this case after this Court announces future court hearings. Doc. 91.

5) On July 14, 2015, the Court granted the government's motion to conduct a videotaped deposition of co-defendant Carolina Aragon on August 12, 2015, at 10:00 a.m. in Courtroom A201 of the Arraj Federal Courthouse. Doc. 150. The Court ordered that the government file the necessary paperwork in order to secure the presence of incarcerated defendants, including Defendant Eugene Chavez, at the August 12, 2015 deposition.

6) On July 20, 2015, defendant's jury trial commenced in his Jefferson County case. On July 22, 2015, the defendant was convicted of the lesser included offense of attempted manslaughter. Defendant is now confined at the Jefferson County Sheriff's Department, 200 Jefferson County Parkway, Golden CO 80401.

7) The United States is requesting that the Court issue the instant writ of habeas corpus ad prosequendum to return the defendant to federal custody so that he may attend the deposition of co-defendant Carolina Aragon on August 12, 2015, and any other hearings scheduled in this case.

WHEREFORE your Petitioner moves the Court to order that a Writ of Habeas Corpus Ad Prosequendum be issued by this Court to the United States Marshal for the District of Colorado, or any other United States Marshal, requiring him to serve the writ on the Warden, Superintendent, or Custodian of any place or institution where the defendant EUGENE CHAVEZ, YOB: 1973, DOC # 83887 is confined, and requiring said United States Marshal to return the defendant to federal custody prior to the August 12, 2015 videotaped deposition of co-defendant Carolina Aragon, and to hold him at all times in the United States Marshal's custody as an agent of the United States of America until final disposition of the defendant's case, and thereafter to return the defendant to the institution where he is now confined.[1]

Respectfully submitted this 23rd day of July, 2015.

---

[1] In the event the Jefferson County District Attorney's Office seeks to writ the defendant back to their custody for the September 3, 2015 sentencing in Jefferson County Case No. 2014CR2932, undersigned counsel would file a motion for reconsideration of U.S. Magistrate Judge Tafoya's order that the Interstate Agreement on Detainers Act (IAD) would preclude the defendant's return to state custody. Doc. 91. Because no detainers have issued in this case, and the defendant's presence for appearances in state and federal court has been secured solely via writs of habeas corpus ad prosequendum, the government submits the IAD does not apply to this case. *United States v. Mauro,* 436 U.S. 340, 361 (1978) ("a writ of habeas corpus *ad prosequendum* is not a detainer for purposes" of the IAD).

       JOHN F. WALSH  
       United States Attorney

         s/Martha A. Paluch  
By: MARTHA A. PALUCH  
       Assistant U.S. Attorney  
       1225 Seventeenth Street, Suite 700  
       Denver, Colorado  80202  
       Telephone:  (303) 454-0100  
       Fax:    303) 454-0403  
       Email:  Martha.Paluch@usdoj.gov  
       Attorney for the Government